UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| LAUREN BLAZER, ERICA SPIRES, and, DAVID SANZ | ) ) ) | |
| Plaintiffs, | ) ) | No. 3:18-CV-00097 |
| v. | ) ) | |
| | ) | JUDGE: Greer |
| BUDDY GREGG MOTOR HOMES, LLC, | ) ) | MAGISTRATE: Guyton |
| Defendant. | ) | |

MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7, Buddy Gregg Motor Homes, LLC ("Buddy Gregg"), by undersigned counsel, moves for summary judgment in its favor on all claims raised by Erica Spires. In support of its motion Buddy Gregg submits its memorandum of law in support, with supporting evidentiary materials, and shows the Court as follows:

1. With respect to her claim of sexual harassment the claim fails because the conduct she alleges does not rise to the level required to sustain such a claim. The conduct she alleges is in some instances not based on sex, and in others is frankly benign. She does allege some conduct that is fairly characterized as boorish and offensive. The totality of the circumstances does not rise to required level to create an abusive working environment. Therefore, the claim fails. Faragher v. City of Boca Raton, 524 U.S. 775, 787-88 (1998).

2. With respect to her retaliation claim, the claim fails because she cannot establish a causal connection between her protected conduct in January and Buddy Gregg's

1

decision to eliminate her position and one other in late May. Kuhn v. Washtenaw County, 709 F.3d 612, 627 (6th Cir. 2013).

3. The retaliation claim also fails because Spires cannot demonstrate that the stated reason for eliminating the position – that Buddy Gregg more effectively and efficiently obtained sales via sending internet lead directly to the sales manager and so did not need the position held by Spires and Internet Sales Manage Lauren Blazer – was a pretext for retaliation. Johnson v. Univ. of Cincinnati, 215 F.3d 561, 573 (6th Cir. 2000) (Where employer proffers a legitimate reason for the challenged action the plaintiff must demonstrate that the stated reason was not the true reason for the decision but was instead a pretext for discrimination.)

Spires' claims fail as a matter of law. Therefore, Buddy Gregg moves the Court for entry of an Order dismissing all claims of Spires, with prejudice, and awarding costs to Buddy Gregg.

Respectfully submitted this 9th day of July, 2019.

/s/ Howard B. Jackson

Howard B. Jackson, BPR #021316
Ann E. Sartwell, BPR #021258
Wimberly Lawson Wright Daves & Jones, PLLC
P.O. Box 2231
Knoxville, TN 37901-2231
(865) 546-1000
(865) 546-1001 (fax)

Attorneys for Buddy Gregg Motor Homes, LLC

2

## CERTIFICATE OF SERVICE

  I certify that the foregoing Motion for Summary Judgment was served on the following persons, via the Court's electronic filing system, this 9th day of July, 2019:

Edward G. Phillips
Brandon L. Morrow
Kramer Rayson LLP
P.O. Box 629
Knoxville, TN 37901-0629

            /s/ Howard B. Jackson
            Howard B. Jackson