# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE"
### CV"MPQZXKNNG

| | |
|---|---|
| NCWTGP"DNC\ GT."GTKEC"URKTGU"cpf "| ) |
| FCXKF"UCP\ . | ) |
| | ) |
| **Plaintiffu**," | ) |
| " | ) |
| **v.** " | )  No.: 3:1: /EX/222; 9 |
| | ) |
| DWFF[ "I TGI I "O QVQT"I QO GU"NNE. | ) |
| " | ) |
| **F ghgpf cpv0** | ) |

---

### APPENDIX TO DAVID SANZ'S"TGRQPUG"VQ"O QVKQP"HQT"UWO O CT[ "
### LWFI O GP V"CP F "UVCVGO GP V"QH"O CVGTKCN"HCEVU

---

Gf y ctf "I 0Rj knnr u (#228369)
Brandon L. Morrow (#031242)
KRAMER RAYSON LLP
P.O. Box 629
Knoxville, Tennessee 37901
(865) 525-5134
Attorneys for Plaintiffs

## DEPOSITIONS

Chapman, Paul
    Pages:      68, 70-71, 73-74

Sanz, David
    Pages:      22, 119-122
    Exhibit:    57

Blazer, Lauren
    Pages:      111-112

Seiber, Angela
    Pages:      8-9

Case 3:18-cv-00097-DCLC-HBG   Document 41-1   Filed 07/22/19   Page 2 of 37   PageID #: 313

DEPOSITION OF PAUL CHAPMAN

APRIL 5, 2019

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

AT KNOXVILLE

--------------------------------

LAUREN BLAZER, ERICA SPIRES,     )

and DAVID SANZ,                  )

                    Plaintiffs,)NO. 3:18-CV-00097

     vs.                         )

BUDDY GREGG MOTOR HOMES, LLC,  )

                    Defendant. )

--------------------------------

APPEARANCES:

FOR THE PLAINTIFFS:

     BRANDON L. MORROW, ESQ.
     KRAMER RAYSON, LLP
     800 South Gay Street, Suite 2500
     Knoxville, Tennessee 37929
     (856) 525-5134


     FOR THE DEFENDANTS:

     HOWARD B. JACKSON, ESQ.
     WIMBERLY LAWSON WRIGHT DAVES & JONES, PLLC
     550 Main Avenue, Suite 900
     Knoxville, Tennessee 37901
     (856) 546-1000

**Gibson Court Reporting**

1              S T I P U L A T I O N

2          The deposition of PAUL CHAPMAN, called as a

3    witness at the instance of the Plaintiffs, taken

4    pursuant to all rules applicable to the Tennessee

5    Rules of Civil Procedure by notice on the 5th day

6    of April 2019, at 9 a.m., at the offices of KRAMER

7    RAYSON, LLP, 800 South Gay Street, Knoxville,

8    Tennessee 37929 before Catherine Golembeski,

9    Licensed Court Reporter, Registered Professional

10   Reporter and NJCCR, pursuant to stipulation of

11   counsel.

12         It being agreed that Catherine Golembeski,

13   Licensed Court Reporter, RPR, NJCCR, may report the

14   deposition in machine shorthand, afterwards

15   reducing the same to typewriting.

16         All objections except as to the form of the

17   questions are reserved to on or before the hearing.

18         It being further agreed that all formalities

19   as to notice, caption, certificate, transmission,

20   et cetera, including the reading of the completed

21   deposition by the witness and the signature of the

22   witness, are expressly waived.

23

24

25

**Gibson Court Reporting**

```
 1                    I N D E X
 2                E X A M I N A T I O N S
 3    PAUL CHAPMAN                                    Page
 4    Examination by Mr. Morrow                    4, 103
 5    Examination by Mr. Jackson                       89
 6
 7
 8
 9                    E X H I B I T S
10    No.              Description               Page
11    92             Snapchat Message             78
12    93             Snapchat Message            103
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**Gibson Court Reporting**

1          A.    No.   I could say you didn't get

2     dispatched, say, the gravy work, which was the easy

3     stuff.  You may get the low, or my instance with

4     Brittany.  I became Brittany's warranty person.

5     Warranty pays about a third of what cash does.

6     It's just the nature of the beast.  I just tended

7     to always get the warranty.  And when I complained

8     to him, I heard; maybe you should stop pissing her

9     off, because they decide who gets what.

10         Q.    Okay.  If my notes in our meeting last

11    March reflected that you told me that Eric Bivens

12    called Tennessee RV for the purpose of getting

13    David Sanz fired, you wouldn't disagree with that,

14    would you?

15         A.    No, I wouldn't.  He was talking to

16    James over there and informed him that we had had

17    legal issues.

18         Q.    And, approximately, when would that

19    conversation have occurred?

20         A.    It was on an afternoon.  And the reason

21    I remember it is, I was extremely worried because I

22    had gone to Tennessee RV on a job interview and

23    Eric knew of such.

24              James had since been removed up there.

25    It was kind of a small world back and forth.

1    chassis, technical customer side of things; truck

2    issues, tow issues.  So it was kind of our cell

3    phones rang it was either me or Kenneth all the

4    time.

5          Q.   Okay.  And did Mr. Bivens put the phone

6    on speaker mode?

7          A.   No, no, he used to do that a lot, but

8    he didn't that time.

9          Q.   Okay.  Tell me, to the best of your

10   recollection, what Mr. Bivens told James and what

11   was James's last name, if you remember?

12         A.   I don't remember James's last name.  I

13   know he was the service manager at Tennessee RV.

14   And they had been discussing things.  And, again,

15   banter, rumor through the shop, that Eric's got a

16   buddy up there.  Don't apply Tennessee RV because

17   he's going to know.  Well, it's right next to my

18   house.  I applied to see what's out there.  Things

19   were getting slow.  I was a technician.  Figured,

20   see if the grass is greener.  And we had been

21   sitting in there and they were just having a normal

22   conversation.  He was back and forth with him.  And

23   because he had looked at me, David Sanz -- David

24   came up, just David.  He was, like, watch out.  We

25   got our own stuff going on with him.  Okay.  They

1    just kind of kept on talking from there.  And,

2    again, it's kind of a small world where everybody

3    seems to know everybody.  That's how I found out

4    Lauren was working up there in their service

5    department.

6           Q.   Could you tell how Mr. Sanz's name came

7    up in the conversation?

8           A.   I could not.

9           Q.   Okay.

10          A.   I don't know if James brought it up

11   first.  I can tell you Eric -- I didn't hear it

12   until he said David.

13          Q.   Okay.  Could you hear anything that

14   James from Tennessee RV was saying?

15          A.   No.

16          Q.   Okay.

17          A.   No.  I heard Eric's side.  And they

18   were just a regular conversation.

19          Q.   Is it safe to say that Mr. Bivens

20   wasn't speaking favorably of Mr. Sanz?

21          A.   Really couldn't tell.

22          Q.   Okay.

23          A.   I mean, there was some yes and no

24   questions.  I don't know what went on on the other

25   side of the phone.  I wasn't hearing.  It wasn't on

 1      Q.   Mr. Sanz was the one who would buy

 2  lunch and purchase gifts?

 3      A.   He did for us, yeah.  I mean, nothing

 4  out of -- and it wasn't one particular person.  I

 5  mean, he got the office girls a gift.  It was every

 6  office girl.  Same time, hey, I had a great sale.

 7  Thanks guys, you helped me out.  I bought chicken.

 8  And he put it out for everybody.

 9      Q.   Do you recall Mr. Bivens saying

10  anything in the conversation with James from

11  Tennessee RV referencing Mr. Sanz and saying this

12  is the one that's trying to sue us still there?

13      A.   Yes.

14      Q.   Okay.

15      A.   And at the time, I may have possibly

16  thought it was David.  Now knowing that Lauren was

17  up there at the same time.  It could have been

18  Lauren.

19      Q.   Okay.  Do you recall Mr. Bivens telling

20  James from Tennessee RV that Lauren Blazer has a

21  lawyer over a boob comment?

22      A.   Yup.

23      Q.   Do you recall Mr. Bivens telling James

24  from Tennessee RV that Sanz is a piece of shit, he

25  got hauled off by the cops?

1          A.    Yes, I believe it was James he was

2    talking to, but yes, I do recall that conversation.

3          Q.    And that was the same conversation we

4    talked about earlier?

5          A.    Yeah.  Well, he'd hang up the phone and

6    call back.  And people come in and out of the

7    office or Jimmie would call.

8          Q.    All within the same day, at least?

9          A.    Within the same day.

10         Q.    Okay.  After me mentioning those

11   specific comments, do you recall anything else that

12   Mr. Bivens may have said to James from Tennessee

13   RV?

14         A.    There was things about technicians that

15   had applied up there.  I'm not really dead on

16   recalling exactly what the conversation was.

17         Q.    When we met back in March, one of the

18   things you told me is that it's not unusual for

19   Buddy Gregg to manipulate sales calls and e-mails.

20   Do you agree with that?

21         A.    As they come in, at the time, they

22   didn't have an internet that I knew of set up, that

23   Jerry was handling or Eric would get them and give

24   them to whoever they wanted to.  I mean, we had

25   guys, as far as customers, I won't lie, we gave the

```
 1              C E R T I F I C A T E

 2    STATE OF TENNESSEE

 3    COUNTY OF KNOX

 4         I, Catherine Golembeski, Licensed Court

 5    Reporter and Registered Professional Reporter, do

 6    hereby certify that I reported in machine shorthand

 7    the deposition of PAUL CHAPMAN, called as a witness

 8    at the instance of the Plaintiffs, that the said

 9    witness was duly sworn by me; that the reading and

10    subscribing of the deposition by the witness was

11    waived; that the foregoing pages were transcribed

12    under my personal supervision and constitute a true

13    and accurate record of the deposition of said

14    witness.

15         I further certify that I am not an attorney

16    or counsel of any of the parties, nor an employee

17    or relative of any attorney or counsel connected

18    with the action, nor financially interested in the

19    action.

20
                   _____
21                 Catherine Golembeski, LCR# 778
22                 Registered Professional Reporter

23

24

25
```

**Gibson Court Reporting**

In the Matter Of:

*LAUREN BLAZER, et al.*

*vs*

*BUDDY GREGG MOTOR HOMES, LLC*

---

*DAVID SANZ*

*March 13, 2019*



IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF TENNESSEE
AT KNOXVILLE


LAUREN BLAZER, ERICA          :
SPIRES and DAVID SANZ,        :
                              :
        Plaintiffs,           :
                              :
vs.                           : No. 3:18-CV-00097
                              :
BUDDY GREGG MOTOR HOMES,      :
LLC,                          :
                              :
        Defendant.            :




DEPOSITION OF DAVID R. SANZ
March 13, 2019


APPEARANCES:

                    BRANDON L. MORROW
                    Attorney for the Plaintiffs
                    Kramer Rayson, LLP
                    800 S. Gay Street
                    Suite 2500
                    Knoxville, TN  37929
                    bmorrow@kramer-rayson.com

                    HOWARD B. JACKSON
                    Attorney for the Defendant
                    Wimberly, Lawson, Wright,
                    Daves & Jones, PLLC
                    550 Main Avenue, Suite 900
                    Knoxville, TN  37902
                    hjackson@wimberlylawson.com

_____


        MELODY A. KOONTZ - LCR 065

Epiq Court Reporting Solutions - New York
1-800-325-3376                              www.deposition.com
Case 3:18-cv-00097-DCLC-HBG  Document 41-1  Filed 07/22/19  Page 13 of 37  PageID #:
324

```
1                    I N D E X
                                        Page No.
2    EXAMINATION BY:
             Mr. Jackson........................... 5
3
     EXAMINATION BY:
4            Mr. Morrow...........................123
5    EXAMINATION BY:
             Mr. Jackson..........................127
6

7                  E X H I B I T S

8    EXHIBIT NO. 37
             Curriculum Vitae....................... 18
9
     EXHIBIT NO. 38
10           Payroll Change Notice.................. 22
11   EXHIBIT NO. 39
             Notes of Ms. Porche.................... 51
12
     EXHIBIT NO. 40
13           Letter - June 28, 2017................. 56
14   EXHIBIT NO. 41
             Memorandum - RE:  Expectations......... 75
15
     EXHIBIT NO. 42
16           Letter - September 7, 2017............. 77
17   EXHIBIT NO. 43
             Email Exchange - September 21, 2017..... 81
18
     EXHIBIT NO. 44
19           Email - August 16, 2017................ 82
20   EXHIBIT NO. 45
             Email - July 3, 2017................... 84
21
     EXHIBIT NO. 46
22           Phone Index............................ 85
23   EXHIBIT NO. 47
             Email - November 22, 2016.............. 87
24
     EXHIBIT NO. 48
25           BGMH Pay Plan Effective 8/01/2013....... 92
```

Epiq Court Reporting Solutions - New York
1-800-325-3376                    www.deposition.com
Case 3:18-cv-00097-DCLC-HBG  Document 41-1  Filed 07/22/19  Page 14 of 37  PageID #:
325

1    INDEX (Continued):
                                          Page No.
2    EXHIBIT NO. 49
              Salesperson Pay Plan 05/17/17........... 93
3
     EXHIBIT NO. 50
4             BGMH Pay Plan Effective 09/01/17........ 93

5    EXHIBIT NO. 51
              Profit Sheet - 5/15/2017................ 93
6
     EXHIBIT NO. 52
7             Profit Sheet - 8/29/2017................ 99

8    EXHIBIT NO. 53
              Commission Calculation - Period Ending
9             9/12/2015...............................102

10   EXHIBIT NO. 54
              Email Exchange - June 3, 2017...........106
11
     EXHIBIT NO. 55
12            Charge of Discrimination................118

13   EXHIBIT NO. 56
              Employee Payroll Data Sheet.............119
14
     EXHIBIT NO. 57
15            Separation Notice.......................120

16

17

18

19

20

21

22

23

24

25

Epiq Court Reporting Solutions - New York
1-800-325-3376                            www.deposition.com
Case 3:18-cv-00097-DCLC-HBG  Document 41-1  Filed 07/22/19  Page 15 of 37  PageID #:
326

1    Q.    Did you interview with anyone else?

2    A.    No, sir.

3    Q.    How did you receive an offer?

4    A.    Right there on the spot.

5    Q.    When did you go to work there, roughly?

6    A.    You would probably know that better than

7    me, sir.  It's been sometime in 2015 I want to say.

8          (Exhibit No. 38 marked.)

9    BY MR. JACKSON:

10   Q.    Exhibit 38 is a Payroll Change Notice,

11   August 24, 2015.  Is that your signature where it says

12   Employee Signature?

13   A.    Yes, sir.

14   Q.    It says you were hired on or about August

15   12, 2015?

16   A.    Yes, sir.

17   Q.    Seems about right?

18   A.    Yes, sir.  You mean August 24?  I think

19   you said 12th.

20   Q.    If you look down at your signature --

21   A.    Oh, I was looking at this at the top, I'm

22   sorry.

23   Q.    24th may have been the effective date, but

24   in any event, August 2015.  Then there's some

25   handwriting there?

Epiq Court Reporting Solutions - New York
1-800-325-3376                              www.deposition.com
Case 3:18-cv-00097-DCLC-HBG  Document 41-1  Filed 07/22/19  Page 16 of 37  PageID #:
327

1   EEOC?

2        A.     Yes, sir.

3        Q.     I have a question relative to a statement

4   that's made on the last page.  The last paragraph, "I

5   was terminated on October 13, 2017."  And the second

6   sentence says, "Mr. Byrne told me that I was being

7   terminated due to a reorganization."

8        A.     Yes, sir.

9        Q.     Is that something Mr. Byrne told you?

10       A.     It's what I became aware of after the

11  fact.  They put it on a piece of paper that I was given

12  when I picked up my personal property, as I recall.

13       Q.     State termination notice form?

14       A.     Yes, sir, I believe that's what it was.

15  That's to the best of my recollection.

16              (Exhibit No. 56 marked.)

17  BY MR. JACKSON:

18       Q.     Exhibit 56 is from Tennessee RV provided

19  to us by that company, and I believe it indicates a hire

20  date of December 18, 2017.  Does that sound correct to

21  you?

22       A.     Yes, sir.

23       Q.     And that your rate of pay would be $400

24  salary, 12/29 through 1/19?

25       A.     Yes, sir.

Epiq Court Reporting Solutions - New York
1-800-325-3376                    www.deposition.com
Case 3:18-cv-00097-DCLC-HBG  Document 41-1  Filed 07/22/19  Page 17 of 37  PageID #:
328

1        Q.      And then a $400 draw?

2        A.      Yes, sir.

3        Q.      The department manager signed it.  Do you

4    recognize that handwriting, who that is?

5        A.      Steve Kelly.

6        Q.      Who was he?

7        A.      He was one of the sales managers.

8        Q.      You were hired as a salesperson?

9        A.      Yes, sir.

10               (Exhibit No. 57 marked.)

11   BY MR. JACKSON:

12       Q.      Exhibit 57 is a Separation Notice.  It was

13   also provided to us through Tennessee RV.  It indicates

14   an ending date of employment of 3/20/18?

15       A.      Yes, sir.

16       Q.      Is that an accurate date?

17       A.      Yes, sir.

18       Q.      On the explanation of the circumstances,

19   the words are written "not a good fit for Tennessee RV."

20       A.      That's what it says, sir.

21       Q.      How were you informed that you were being

22   let go from Tennessee RV?

23       A.      I arrived at the dealership on time in the

24   morning.  I was actually early.  Jason Reese -- that

25   would have been Mr. Kelly's boss -- asked me to come

Epiq Court Reporting Solutions - New York
1-800-325-3376                              www.deposition.com
Case 3:18-cv-00097-DCLC-HBG  Document 41-1  Filed 07/22/19  Page 18 of 37  PageID #:
329

1  into the office.  I walked in.  He said, "We're going to

2  dismiss you."  And I said -- I was shocked, because I

3  had done very well, and he said, "It's just not a good

4  fit."  And I asked him, "Could I talk to personnel?

5  Could I do an exit interview?  Could I find more out?"

6  He said, "No."

7       Q.      What was Mr. Reese's position?

8       A.      I believe he was the sales manager at the

9  time.  He's now the general manager for Lazydays.

10      Q.      One of your statements in the complaint is

11  that somebody at Buddy Gregg had something to do with

12  your losing work at Tennessee RV?

13      A.      That's my understanding.

14      Q.      Where did you get that understanding?

15      A.      Paul Chapman.

16      Q.      What did Mr. Chapman say?

17      A.      He communicated that there were numerous

18  phone calls made from Buddy Gregg to my employer to get

19  me fired.

20      Q.      Did Mr. Chapman tell you this directly?

21      A.      No.

22      Q.      To your knowledge, who did he tell?

23      A.      I don't know if I can -- that's

24  confidential.  It's confidential with counsel.

25              MR. MORROW:  Can we go off the record for

Epiq Court Reporting Solutions - New York
1-800-325-3376                                    www.deposition.com
Case 3:18-cv-00097-DCLC-HBG  Document 41-1  Filed 07/22/19  Page 19 of 37  PageID #:
330

1          a second?

2               (Discussion off the record.)

3    BY MR. JACKSON:

4          Q.    Have you ever personally spoken with Mr.

5    Chapman about this notion of phone calls being made from

6    Buddy Gregg?

7          A.    No, sir.

8          Q.    In your understanding, who with Buddy

9    Gregg made the phone calls?

10         A.    Eric Bivens.

11         Q.    Have you ever spoken with Mr. Bivens about

12   this?

13         A.    No, sir.

14         Q.    Did you ever speak with Mr. Reese about

15   whether or not somebody had called him from Buddy Gregg?

16         A.    No, sir.  I wasn't aware of this until

17   later.

18         Q.    Since hearing this, have you spoken with

19   anyone associated with Tennessee RV or Lazydays to

20   determine whether they had in fact heard from

21   Mr. Bivens?

22         A.    No, I have not.

23         Q.    Do you recall earlier you have told us on

24   the day of the altercation with Mr. Hollifield that you

25   rode with him in a golf cart and said, "Those are some

Epiq Court Reporting Solutions - New York
1-800-325-3376                              www.deposition.com
Case 3:18-cv-00097-DCLC-HBG  Document 41-1  Filed 07/22/19  Page 20 of 37  PageID #:
331

1                      C E R T I F I C A T E

2

3    STATE OF TENNESSEE

4    COUNTY OF KNOX

5

6              I, Melody A. Koontz, Licensed Court

7    Reporter and Notary Public, do hereby certify that I

8    reported in machine shorthand the above testimony, and

9    that the foregoing pages were transcribed by me and

10   constitute a true and accurate record of the

11   proceedings.

12             I further certify that I am not an

13   attorney or counsel of any of the parties, nor an

14   employee or relative of any attorney or counsel

15   connected with the action, nor financially interested in

16   the action.

17             Witness my hand and official seal this the

18   27th day of March, 2019.

19   _____

20

21   _____
               MELODY A. KOONTZ, LCR

22

23   My Commission Expires:   November 28, 2020

24

25

Epiq Court Reporting Solutions - New York
1-800-325-3376                          www.deposition.com
Case 3:18-cv-00097-DCLC-HBG  Document 41-1  Filed 07/22/19  Page 21 of 37  PageID #:
332



EXHIBIT

57

Sanz

STATE OF TENNESSEE
DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
DIVISION OF EMPLOYMENT SECURITY

# SEPARATION NOTICE



1. Employee's Name: _David_ _R._ _Sanz_   2. SSN _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_
           First    Middle Initial    Last

3. Last Employed: From: _12/18/17_ to _3/20/18_   Occupation: _Salesman_

4. Where was work performed? _Tennessee RV Sales & Service_

5. Reason for Separation: ☐ Lack of Work   ☒ Discharge   ☐ Quit

    If lack of work, indicate if layoff is   ☒ Permanent   ☐ Temporary

    If temporary, when do you expect to recall this individual? _____
                                                         Date

    If other than lack of work, explain the circumstances of this separation:
    _Not a good fit for Tennessee RV_

6. Employee received:   ☐ Wages in Lieu of Notice   ☐ Separation Pay   ☐ Vacation Pay

    In the amount of $_____ for period from _____ to _____

Employer's
Name: _Tennessee RV_

Address where additional information may be obtained:

_835 Huckleberry Springs Rd._
         (Street or RFD)

City: _Knoxville_   State: _TN_   Zip Code: _37924_

Employer's
Telephone Number: _865-933-7213_
      (Area Code)      (Number)

Employer's
Email: _CMorton @Tennesseervi.com_

## EMPLOYER'S ACCOUNT NUMBER

| 0 | 5 | 6 | 1 | | 1 | 8 | 1 | | 1 |
|---|---|---|---|---|---|---|---|---|---|

(Number shown on State Quarterly Wage Report (LB-0851) and
Premium Report (LB-0456))

I certify that the above worker has been separated from work and the information furnished hereon is true and correct. This report has been handed to or mailed to the worker.

_____
Signature of Official or Representative of the Employer
who has first-hand knowledge of the separation.

_General Sales Manager_
Title of Person Signing

_3-20-18_
Date Completed and Released to Employee

## NOTICE TO EMPLOYER

Within 24 hours of the time of separation, you are required by Rule 0560-1-1-02 of the Tennessee Employment Security Law to provide the employee with this document, properly executed, giving the reasons for separation. If you subsequently receive a request for the same information on LB-0810, please give complete information in your response.

## NOTICE TO EMPLOYEE
TAKE THIS NOTICE TO THE LABOR AND WORKFORCE DEVELOPMENT OFFICE IF YOU WISH TO FILE A CLAIM FOR UNEMPLOYMENT INSURANCE BENEFITS.

LB-0489(R.1/04)
                                                         RDA N/A

In the Matter Of:

*LAUREN BLAZER, ET AL.*

*vs*

*BUDDY GREGG MOTOR HOMES, LLC*

---

*LAUREN BLAZER*

*March 12, 2019*



1                    DEPOSITION OF LAUREN M. BLAZER

2                            March 12, 2019

3                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF TENNESSEE
4                          KNOXVILLE DIVISION

5    -------------------------------------
     LAUREN BLAZER, ERICA SPIRES, and,      )
6    DAVID SANZ,                             )
                                            )
7            Plaintiffs,                     )
                                            )    No. 3:18-CV-00097
8    v.                                      )
                                            )    JUDGE:      Greer
9    BUDDY GREGG MOTOR HOMES, LLC,           )    MAGISTRATE: Guyton
                                            )
10           Defendant.                      )
     -------------------------------------

11

12   APPEARANCES:

13                    FOR THE PLAINTIFFS:

14

                     BRANDON L. MORROW, ESQ.
15                   KRAMER RAYSON LLP
                     2500 First Tennessee Plaza
16                   800 South Gay Street
                     Knoxville, Tennessee  37902-9702
17                        (865) 525-5134
                          bmorrow@kramer-rayson.com
18

19                    FOR THE DEFENDANT:

20

                     HOWARD B. JACKSON, ESQ.
21                   ANN E. SARTWELL, ESQ.
                     WIMBERLY LAWSON WRIGHT DAVES & JONES, PLLC
22                   550 Main Avenue
                     Suite 900
23                   Knoxville, Tennessee  37902
                          (865) 546-1000
24                        hjackson@wimberlylawson.com
                          asartwell@wimberlylawson.com
25

Epiq Court Reporting Solutions - New York
1-800-325-3376                                        www.deposition.com
Case 3:18-cv-00097-DCLC-HBG  Document 41-1  Filed 07/22/19  Page 24 of 37  PageID #:
                                    335

1    ALSO PRESENT:

2

3                    Erica M. Spires
                     Plaintiff
4

5
                     David Sanz
6                    Plaintiff

7

8                    Mr. Bradford L. Cohen
                     President, Buddy Gregg Motor Homes, LLC
9                    Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Epiq Court Reporting Solutions - New York
1-800-325-3376                                    www.deposition.com
Case 3:18-cv-00097-DCLC-HBG   Document 41-1   Filed 07/22/19   Page 25 of 37   PageID #:
336

1                    I N D E X

2  WITNESS                                        PAGE

3  LAUREN M. BLAZER

4  DIRECT EXAMINATION BY MR. JACKSON -------------------- 7

5  CROSS-EXAMINATION BY MR. MORROW -------------------- 134

6  REDIRECT EXAMINATION BY MR. JACKSON --------------- 139

7
                      E X H I B I T S
8
                                                  PAGE
9
   Exhibit 12 - Acknowledgement of Receipt of Employee
10 Handbook and Jury Waiver Agreement dated 4/16/15.
   BATES Buddy Gregg 000980. -------------------------- 24
11
   Exhibit 13 - Payroll Change Notice for Lauren Blazer,
12 Date of Change: 1/27/14.
   BATES Buddy Gregg 000956. -------------------------- 25
13
   Exhibit 14 - Payroll Change Notice for Lauren Blazer,
14 Date of Change: 10/1/14.
   BATES Buddy Gregg 000946. -------------------------- 26
15
   Exhibit 15 - Payroll Change Notice for Lauren Blazer,
16 Date of Change: 3/1/15.
   BATES Buddy Gregg 000945. -------------------------- 29
17
   Exhibit 16 - Payroll Change Notice for Lauren Blazer,
18 Date of Change: 9/1/16.
   BATES Buddy Gregg 000936. -------------------------- 35
19
   Exhibit 17 - Payroll Change Notice for Lauren Blazer,
20 Effective Date: 1/24/17.
   BATES Buddy Gregg 000933. -------------------------- 38
21
   Exhibit 18 - Email to Nelson Forbes from Lauren
22 Blazer dated 6/2/17, Subject: Confidential.
   BATES Buddy Gregg 001193 through 001195.  ---------- 68
23
   Exhibit 19 - Email to Nelson Forbes from Lauren
24 Blazer dated 6/13/17, Subject: Confidential.
   BATES Buddy Gregg 001196 through 001197.  ---------- 75
25

Epiq Court Reporting Solutions - New York
1-800-325-3376                        www.deposition.com
Case 3:18-cv-00097-DCLC-HBG  Document 41-1  Filed 07/22/19  Page 26 of 37  PageID #:
337

1                    E  X  H  I  B  I  T  S
                     (C O N T I N U E D)
2
                                                    PAGE
3

4    Exhibit 20 - Lauren Blazer(LB) & Shannon Porche(SP)
     Conversation/Chubb/Buddy Gregg. --------------------- 85
5
     Exhibit 21 - Screenshots of Facebook Messenger
6    messages between Lauren Blazer and Jerry Byrne.
     BATES BLAZER PRO 000108, 000109, 000110, 000113,
7    and 000098. --------------------------------------- 91

8    Exhibit 22 - Memorandum to Lauren Blazer from
     Lauren Blazer dated 5/17/17, Subject: Today work.
9    BATES BLAZER PRO 000086 through 000087. ------------- 94

10   Exhibit 23 - Messages between Lauren Blazer and
     Jerry Byrne.
11   BATES Buddy Gregg 001351 through 001359. ------------ 96

12   Exhibit 24 - Messages from info@buddygregg.com to
     Lauren Blazer. ------------------------------------- 99
13
     Exhibit 25 - Email chain between Norma Muncy,
14   Lauren Blazer, and Erica Spires dated 6/1/17
     through 6/2/17, various subject lines.  ------------ 101
15
     Exhibit 26 - Email chain between Jerry Byrne and
16   Lauren Blazer dated 4/21/17, Subject: Re: Won over
     our first bad review. ----------------------------- 102
17
     Exhibit 27 - Email chain between Jerry Byrne,
18   Lauren Blazer, and James Upham dated 4/18/17
     through 4/23/17, Subject: Re: Fwd: Map Pricing. ---- 103
19
     Exhibit 28 - Email to lmblazer05@gmail.com from
20   Lauren Blazer dated 6/5/17, Sales & Prospecting
     information. --------------------------------------- 103
21
     Exhibit 29 - Email chain between Amanda Spears and
22   Lauren Blazer dated 5/17/17, Subject: Re: Help. ---- 105

23   Exhibit 30 - Email to Jerry Byrne from Lauren
     Blazer dated 6/16/17, Subject: Monday 6/19.  ------- 106
24


25

Epiq Court Reporting Solutions - New York
1-800-325-3376                          www.deposition.com
Case 3:18-cv-00097-DCLC-HBG  Document 41-1  Filed 07/22/19  Page 27 of 37  PageID #:
                                    338

1                    E  X  H  I  B  I  T  S
                       (C O N T I N U E D)
2
                                                      PAGE
3

4   Exhibit 31 - Email to lmblazer05@gmail.com from
    Lauren Blazer dated 6/6/17, Attachment:
5   Lauren Blazer.docx. ------------------------------- 107

6   Exhibit 32 - Email chain between Lauren Blazer
    and Travis Hollifield dated 4/13/15, Subject: Re:
7   Notice. ------------------------------------------- 108

8   Exhibit 33 - Tennessee RV Supercenter Employee
    Payroll Data Sheet dated 1/22/18.
9   BATES Buddy Gregg 001238. ------------------------- 111

10  Exhibit 34 - Email chain between Justin Whitehead
    and Lauren Blazer dated 3/6/17 through 4/15/17,
11  various subject lines. --------------------------- 127

12  Exhibit 35 - Appeals Tribunal Decision of Hearing
    Authority, Mail Date: 1/21/17.
13  BATES BLAZER PRO 000023 through 000025. ----------- 128

14  Exhibit 36 - Email chain between Nelson Forbes,
    Shannon Porché, and Jerald Byrne dated 6/21/17,
15  Subject: Termination letter - Blazer, Lauren.
    BATES Buddy Gregg 000928. ------------------------- 137
16

17

18

19

20

21

22

23

24

25

Epiq Court Reporting Solutions - New York
1-800-325-3376                          www.deposition.com
Case 3:18-cv-00097-DCLC-HBG  Document 41-1  Filed 07/22/19  Page 28 of 37  PageID #:
                                     339

1      A.      No.

2              MR. JACKSON:  (Tenders document.)

3              THE COURT REPORTER:  Exhibit 33.

4          (Exhibit 33 - Tennessee RV Supercenter Employee

5          Payroll Data Sheet dated 1/22/18.  BATES Buddy

6          Gregg 001238.)

7              THE WITNESS:  (Examines document.)

8  BY MR. JACKSON:

9      Q.      Exhibit 33, I'm really simply wanting to

10  establish a date.  Is January 22nd the appropriate date of

11  hire for you at Tennessee RV?

12      A.      Yes.

13      Q.      And you've been employed there continuously

14  since that time?

15      A.      Yes.

16      Q.      Who hired you at the dealership?

17      A.      The service manager.

18      Q.      And who is that?

19      A.      James Holder.

20      Q.      James --

21      A.      Holder.

22      Q.      Holder.  Was there a period of time when

23  Mr. Sanz also worked at Tennessee RV?

24      A.      Yes.

25      Q.      Do you have any information about the

Epiq Court Reporting Solutions - New York
1-800-325-3376                              www.deposition.com
Case 3:18-cv-00097-DCLC-HBG  Document 41-1  Filed 07/22/19  Page 29 of 37  PageID #:
340

1  circumstances of why he's no longer there?

2       A.      My only thing I heard was someone called and

3  talked with somebody there, and that's -- and it was -- I --

4  I heard it was Eric Bivens, and said:  Watch me get David

5  fired, or something to the effects of that.

6       Q.      So your information was that Eric Bivens

7  called someone at Tennessee RV?

8       A.      Yes.

9       Q.      Where did you get that information?

10      A.      Paul Chapman.

11      Q.      When were you talking to Mr. Chapman about

12  this?

13      A.      I don't remember.

14      Q.      While you were employed with Tennessee RV?

15      A.      Yes.

16      Q.      How did the topic happen to come up?

17      A.      I don't remember.

18      Q.      Did you ever speak with Mr. Bivens about this?

19      A.      Me?

20      Q.      Yes.

21      A.      No.

22      Q.      Did Mr. Chapman give you any more information

23  about Mr. Bivens supposedly making this phone call?

24      A.      No.

25      Q.      Did you speak with anyone in management at

Epiq Court Reporting Solutions - New York
1-800-325-3376                          www.deposition.com
Case 3:18-cv-00097-DCLC-HBG   Document 41-1   Filed 07/22/19   Page 30 of 37   PageID #:
341

1          R E P O R T E R ' S   C E R T I F I C A T E

2    STATE OF TENNESSEE

3    COUNTY OF KNOX

4        I, Charlotte C. Chamel, LCR #147, Licensed Court Reporter

5    and Notary Public in and for the State of Tennessee, do hereby

6    certify that the above transcript was reported by me and that

7    the foregoing 143 pages of the transcript is a true and

8    accurate record to the best of my knowledge, skills, and

9    ability.

10       I further certify that I am not related to nor an employee

11   of counsel or any of the parties to the action, nor am I in

12   any way financially interested in the outcome of this case.

13       I further certify that I am duly licensed by the Tennessee

14   Board of Court Reporters as a Licensed Court Reporter as

15   evidenced by the LCR number and expiration date following my

16   name below.

17       IN WITNESS WHEREOF, I have hereunto set my hand and

18   affixed my notarial seal this 20th day of March 2019.

19

20

21

22                          CHARLOTTE C. CHAMEL, LCR #147
                            Expiration Date 06/30/2020
23
                            Notary Public Commission
24                          Expires 06/30/2021

25

Epiq Court Reporting Solutions - New York
1-800-325-3376                                www.deposition.com
Case 3:18-cv-00097-DCLC-HBG   Document 41-1   Filed 07/22/19   Page 31 of 37   PageID #:
342

# In The Matter Of:

*LAUREN BLAZER, et al vs.*
*BUDDY GREGG MOTOR HOMES, LLC*

---

*ANGELA SEIBER*
*May 8, 2019*

---

*Gibson Court Reporting*
*606 West Main Street*
*Suite 350*
*Knoxville, TN 37902*



Min-U-Script®

DEPOSITION OF ANGELA SEIBER


May 8, 2019


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

```
------------------------:
                        :
                        :
LAUREN BLAZER, ERICA    :
SPIRES, AND DAVID SANZ, :
                        :
        PLAINTIFFS,     :
                        :
vs.                     :      No.:  3:18-CV-00097
                        :
BUDDY GREGG MOTOR HOMES,:
LLC,                    :
                        :
                        :
        DEFENDANT.      :
------------------------:
```


APPEARANCES:

        FOR THE PLAINTIFFS:

        BRANDON L. MORROW
        Attorney at Law
        Kramer Rayson
        Suite 2500
        800 S. Gay Street
        Knoxville, Tennessee  37901


        FOR THE DEFENDANT:

        HOWARD B. JACKSON
        Attorney at Law
        Wimberly, Lawson, Wright, Daves & Jones
        Suite 900
        550 Main Avenue
        Knoxville, Tennessee  37901

**Gibson Court Reporting**

```
 1                    I N D E X
                                          Page No.
 2    ANGELA SEIBER

 3    Examination by Mr. Morrow  --------------------   4
      Examination by Mr. Jackson  ------------------   35
 4

 5

 6

 7
                      E X H I B I T S
 8
      Exhibit 97 (Five-page Buddy Gregg document.) -   26
 9
                      *     *     *
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**Gibson Court Reporting**

1      A.      About four or five months after I got

2   hired.

3      Q.      So pretty much the whole time you have

4   been at Buddy Gregg?

5      A.      Yes.

6      Q.      And who is your supervisor?

7      A.      At the moment, Kenneth Carson.

8      Q.      Okay.  Was Eric Bivens your supervisor

9   at one point in time?

10      A.      Yes.

11      Q.      Okay.  And do you recall from what

12   period of time Mr. Bivens served as your supervisor?

13      A.      The day I got hired until the day he

14   got repositioned.

15      Q.      And do you recall when Mr. Bivens got

16   repositioned?

17      A.      It had to have been four or five

18   months ago.

19      Q.      Okay.  And what is his position now?

20      A.      Vice president of operations, I

21   believe.

22      Q.      Okay.  And do you know who made the

23   decision to transfer Mr. Bivens into the vice

24   president role?

25      A.      I do not know.

1          Q.          Okay.  And before Mr. Bivens was

2    repositioned, what was his title?

3          A.          Service manager.

4          Q.          Okay.  When you were hired at Buddy

5    Gregg, did you receive a copy of the employee

6    handbook?

7          A.          Yes.

8          Q.          Okay.  Do you recall who provided that

9    to you?

10          A.          Eric Bivens.

11          Q.          Okay.  Did Mr. Bivens provide you any

12    sort of guidance about the policies in there, or was

13    it just a scenario where he kind of gave it to you

14    and had you sign off on it?

15          A.          He handed it to me and had me sign, I

16    believe, the last page in the book or something.

17          Q.          Okay.  If you think back to 2016 -- I

18    know that's asking a lot since we are in 2019 now --

19    but if you think back to 2016, do you recall who the

20    human resource director was at Buddy Gregg?

21          A.          No.

22          Q.          How about in 2017, do you recall who

23    the human resource director was?

24          A.          No.

25          Q.          Okay.  Do you know who Shannon Porche

1             C E R T I F I C A T E

2

3    STATE OF TENNESSEE:

4    COUNTY OF BLOUNT  :

5         I, Mary T. Patterson, LCR #096, Licensed Court

6    Reporter, do hereby certify that the above deposition

7    was reported by me and that the foregoing pages, 1

8    through 38, were reported by me and are a true and

9    accurate record to the best of my knowledge, skills,

10   and ability.

11        I further certify that I am not related to nor

12   an employee of counsel or any of the parties to the

13   action, nor am I in any way financially interested in

14   the outcome of this case.

15        I further certify that I am duly licensed by

16   the Tennessee Board of Court Reporting as a Licensed

17   Court Reporter as evidenced by the LCR number and

18   expiration date following my name below.

19

20   *Mary J. Patterson*

21   _____

22   Mary T. Patterson, LCR #097
     Expiration Date:  06/30/2020

23

24

25

**Gibson Court Reporting**