IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LAUREN BLAZER, ERICA SPIRES, and DAVID SANZ, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 3:18-CV-00097<br>) |
| BUDDY GREGG MOTOR HOMES, LLC, | )<br>)<br>) |
| Defendant. | ) |

**PLAINTIFF SANZ'S RESPONSE TO MATERIAL FACTS
AND ADDITIONAL MATERIAL FACTS**

Pursuant to Paragraph (8)(c) of the Court's Scheduling Order, Sanz submits his response to Buddy Gregg's material facts and submits additional facts that he contends are material and in dispute.

As an initial matter, Sanz contends that his response is hampered by Buddy Gregg's failure to follow the Court's Scheduling Order in regard to statements of material fact. The Court's Scheduling Order requires movants on summary judgment to submit a "separate concise statement of material facts… Each fact shall be set forth in a separate, numbered paragraph." [Doc. 14, PageID #: 113.] Here, Buddy Gregg has not submitted a separate statement of material facts, nor are its facts set forth in numbered paragraphs. *See Raceday Ctr., LLC v. RL BB Fin., LLC*, No. 2:11-CV-17, 2013 WL 4500437, at \*2 (E.D. Tenn. Aug. 21, 2013) (failing to submit a separate statement of material facts "is not acceptable practice before this Court, and it could well result in a motion for summary judgment being denied."). Nevertheless, Sanz attempts to respond to Buddy Gregg's facts as accurately as possible:

**Response to Buddy Gregg's Statement of Facts**

1. Plaintiff David Sanz ("Sanz") began working as a salesperson for Tennessee RV in December of 2017. (Amended Complaint ¶ 116.)

Response: Sanz agrees that this fact is undisputed.

2. He was discharged on March 20, 2018. (Exh. 57.)

Response: Sanz agrees that this fact is undisputed.

3. Sanz alleges that Buddy Gregg caused the discharge. He bases this on testimony from Technician Paul Chapman ("Chapman") who overheard Buddy Gregg Service Manager Eric Bivens ("Bivens") speaking to a Tennessee RV Service Manager named James. (Chapman Dep. 70.)

Response: Sanz contends this fact is in dispute. In addition to Chapman's testimony, Sanz also relies on Blazer's testimony. Blazer testified that Mr. Chapman also told her that Eric Bivens spoke with someone at Tennessee RV and he said, "watch me get David fired, or something to the effects of that." (Blazer Depo. 111:25-112:10.)

4. During the conversation Sanz' name came up. Chapman "Really couldn't tell" if Bivens was speaking favorably or unfavorably of Sanz because there were several "yes and no questions" and Chapman heard only Bivens, not James. (Chapman Dep. 71.)

Response: Sanz contends this fact is in dispute. Chapman testified that he would not disagree that Bivens called Tennessee RV for the purpose of getting Sanz fired. (Chapman Depo. 68.)

5. During the conversation Bivens asked James if "the one trying to sue us" was still with Tennessee RV. (Chapman Dep. 73.)

Response: Sanz agrees that this fact is undisputed.

6. At the time Chapman had the impression Bivens was speaking of Sanz, but Plaintiff Lauren Blazer was also employed at Tennessee RV. (Chapman Dep. 73.)

Response: Sanz agrees that this fact is undisputed for purposes of ruling on the motion for summary judgment only.

7. Chapman is not sure whether Bivens was referring to Sanz or Blazer. (Chapman Dep. 73.)

Response: Sanz contends this fact is in dispute. Chapman testified that Bivens clearly referenced Sanz in the conversation with James from Tennessee RV. For example, Chapman testified that he recalls Bivens telling James that Sanz "is a piece of shit" and that "he got hauled off by the cops." (Chapman Depo. 73-74.)

8. Tennessee RV Sales Manager Jason Rees was the person who decided to discharge Sanz and the one who informed Sanz of the discharge. (Rees Aff. ¶¶ 2-3; Sanz Dep. 120-21.)

Response: Sanz agrees this fact is undisputed for purposes of ruling on the motion for summary judgment only.

9. Rees made the decision himself and had no input from anyone associated with Buddy Gregg. (Rees Aff. ¶ 3.) He had no contact or communication from anyone with Buddy Gregg in connection with his decision. (Rees Aff. ¶ 3.)

Response: Sanz agrees this fact is undisputed for purposes of ruling on the motion for summary judgment only. Sanz further points out that his contention is not that Bivens called Rees, but that Bivens called James at Tennessee RV who then influenced Rees' decision to terminate Sanz.

### Sanz's Additional Statement of Material Facts

1. Sanz worked as a salesman at Buddy Gregg from August 24, 2015 until he was terminated on October 13, 2017. (Sanz Depo. 22; 119.)

2. After his termination, Sanz went to work at Tennessee RV on December 18, 2017. (Sanz Depo. 119.)

3. Sanz was terminated from Tennessee RV on March 20, 2018. (Sanz Depo. 120.)

4. Sanz was told, and his separation notice states, that he was terminated because he was "not a good fit for Tennessee RV." (Sanz Depo. 120, Exhibit 57.)

5. Later, by way of Paul Chapman, the body shop manager at Buddy Gregg, Sanz learned that Eric Bivens placed a call to Tennessee RV for purpose of getting him fired. (Sanz Depo. 121-122.)

6. Bivens, who was previously the service manager at Buddy Gregg (Seiber Depo. 9:1-3), now holds the title of Vice President. (Seiber Depo. 8:19-21.)

7. Chapman testified that Bivens called the service manager at Tennessee RV, a man by the name of James, in an attempt to get Sanz fired. Mr. Chapman testified as follows:

> Q: If my notes in our meeting last March reflected that you told me that Eric Bivens called Tennessee RV for the purpose of getting David Sanz fired, you wouldn't disagree with that, would you?
>
> A: No, I wouldn't. He was talking to James over there and informed him that we had had legal issues.

(Chapman Depo. 68:10-17.)

> Q: Do you recall Mr. Bivens saying anything in the conversation with James from Tennessee RV referencing Mr. Sanz and saying is the one that's trying to sue us still there?

> A: Yes.
>
> Q: Okay.
>
> A: And at the time, I may have possibly thought it was David. Now knowing that Lauren was up there at the same time. It could have been Lauren.

(Chapman Depo. 73:9-18.)

> Q: Do you recall Mr. Bivens telling James from Tennessee RV that Sanz is a piece of shit, he got hauled off by the cops?
>
> A: Yes, I believe it was James he was talking to, but yes, I do recall that conversation.

(Chapman Depo. 73:23-74:2.)

8. Blazer testified that Chapman also told her that Bivens spoke with someone at Tennessee RV and he said, "watch me get David fired, or something to the effects of that." (Blazer Depo. 111:25-112:10.)

Respectfully submitted this 22nd day of July 2019.

/s/ Brandon L. Morrow
Edward G. Phillips (BPR #006147)
Brandon L. Morrow (BPR #031242)
**KRAMER RAYSON LLP**
Post Office Box 629
Knoxville, TN 37901-0629
865.525.5134
ephillips@kramer-rayson.com
bmorrow@kramer-rayson.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 22nd day of July 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The following parties will be served by regular U.S. mail. Parties may gain access to this filing through the Court's electronic filing system.

                                                /s/ Brandon L. Morrow
                                                Brandon L. Morrow