UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| LAUREN BLAZER, ERICA SPIRES, and, DAVID SANZ | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 3:18-CV-00097<br>)<br>) JUDGE: Greer |
| BUDDY GREGG MOTOR HOMES, LLC, | ) MAGISTRATE: Guyton<br>) |
| Defendant. | ) |

## STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF BUDDY GREGG MOTOR HOMES, LLC's MOTION FOR PARTIAL SUMMARY JUDGMENT

Buddy Gregg Motors Homes, LLC ("Buddy Gregg") submits its statement of undisputed facts in support of its motion for partial summary judgment with respect to damage caps[1].

1. Anniversary Holdings, LLC ("Anniversary Holdings") is owned by Brad Cohen, and Solid Rock, LLC, which consists largely of three trusts for the benefit of James Glasgow's children. (Cohen Aff. ¶ 2.)

2. Anniversary Holdings owns 99 percent of Buddy Gregg. (Cohen Aff. ¶ 3.)

3. Mr. Glasgow and Mr. Cohen own interests in Dynasty Health Care Group, LLC ("DHC") and Dynasty Energy Services, LLC ("DES") (sometimes collectively referred to as the "Dynasty entities"). (Cohen Aff. ¶¶ 4-5.)

4. Anniversary Holdings owns 80 percent of DHC and Crosscreek Healthcare, LLC owns 20 percent. (Cohen Aff. ¶ 4.)

5. Anniversary Holdings owns 100 percent of DES. (Cohen Aff. ¶ 5.)

6. In 2016 and 2017 Buddy Gregg had less than 100 employees. (Cohen Aff. ¶ 6.)

---

[1] This statement is being submitted after the other filings in support of the motion. To the extent that requires additional time for response by counsel for Plaintiff Buddy Gregg has no objection to a reasonable extension.

7. In 2016 and 2017 DHC had over 500 employees and DES had about 60 employees. (Cohen Aff. ¶ 8.)

8. Buddy Gregg is an RV dealership. (Cohen Aff. ¶ 9.)

9. DHC owns and operates nursing homes in Louisiana and Texas. (Cohen Aff. ¶ 9.)

10. DES provides fishing and rental tool services in the energy industry. (Cohen Aff. ¶ 9.)

11. Buddy Gregg is in Knoxville. (Cohen Aff. ¶ 9.)

12. The nursing homes are in Louisiana and Texas and DHC is based in Louisiana. (Cohen Aff. ¶ 9.)

13. DES sends consultants to multiple states based on customer need and is based in Louisiana. (Cohen Aff. ¶ 9.)

14. Each business has its own management team. (Cohen Aff. ¶¶ 13, 18-19.)

15. The management team for each business is empowered and expected to make hiring and firing decisions, determine the number of employees in various job categories that are needed to operate the business, set pay within guidelines, set schedules and hours, set job duties and expectations, and generally operate the business on a day-to-day basis. (Cohen Aff. ¶¶ 13, 17.)

16. Mr. Glasgow and Mr. Cohen hire upper management and are sometimes consulted about decisions such as creating or eliminating positions or making significant expenditures. (Cohen Aff. ¶ 17.)

17. Mr. Cohen and Mr. Glasgow do not manage the day-to-day activities of the business. (Cohen Aff. ¶¶ 17-18.)

18. For a temporary period of time Mr. Cohen supervised internet sales manager Lauren Blazer. (Cohen Aff. ¶ 22.)

19. Mr. Cohen did not directly supervise managers at DHC or DES as he did with Plaintiff Blazer.

20. Except for Mr. Glasgow and Mr. Cohen who are owners and human resources support from a human resources manager, the management teams are entirely separate. (Cohen Aff. ¶ 21.)

21. In 2016 and 2017 a human resources manager, either Jonathan Burleigh or Shannon Porche, provided human resources support to all three businesses. (Cohen Aff. ¶ 16.)

22. The human resources manager, whether Burleigh or Porche, did not make decisions regarding hiring, firing, promotion, or pay increases. (Cohen Aff. ¶ 16.)

23. The human resources manager provided consultation and advice to management on employee relations matters and other policy and practice questions as needed. (Cohen Aff. ¶ 16.)

24. Buddy Gregg had and has its own pay and benefit practices. (Cohen Aff. ¶ 15.)

25. Buddy Gregg has its own FEIN number. (Cohen Aff. ¶ 10.)

26. Buddy Gregg has its own financial reports, accounting records, payroll, and record keeping. (Cohen Aff. ¶ 10.)

27. Buddy Greggs financial reports, accounting and payroll records are maintained separately from those of DHC and DES, which have their own FEIN, accounting records, payroll, reports, and record keeping. (Cohen Aff. ¶ 10.) T

28. The businesses have separate bank accounts and do not share them. (Cohen Aff. ¶ 11.)

29. All three businesses have separate equipment. They do not share operational equipment. (Cohen Aff. ¶ 12.)

3

30. The only sense in which the businesses can be said to have shared equipment is to the extent that persons such as Mr. Glasgow and Mr. Cohen use computers to view documents or send e-mail, or use phones to communicate with management at the various businesses. (Cohen Aff. ¶ 12.)

31. Buddy Gregg has its own employee handbook. (Cohen Aff. ¶ 14.)

32. Buddy Gregg set its own policies and practices relative to scheduling, attendance, appearance, performance standards, and job duties. (Cohen Aff. ¶ 14.)

33. There is no interchange of management or employees between Buddy Gregg, DHC and DES. (Cohen Aff. ¶ 20.)

34. Managers and employees do not transfer from one business to the other, and job postings or advertisements for one are not posted at any of the others. (Cohen Aff. ¶ 20.)

Respectfully submitted this 22nd day of July, 2019.

/s/ Howard B. Jackson

Howard B. Jackson, BPR #021316
Ann E. Sartwell, BPR #021258
Wimberly Lawson Wright Daves & Jones, PLLC
P.O. Box 2231
Knoxville, TN 37901-2231
(865) 546-1000
(865) 546-1001 (fax)

Attorneys for Buddy Gregg Motor Homes, LLC

# CERTIFICATE OF SERVICE

      I certify that the foregoing Statement of Undisputed Facts in Support of Buddy Gregg Motor Homes, LLC's Motion for Partial Summary Judgment with Respect to Damage Caps was served on the following persons, via the Court's electronic filing system, this 22nd day of July, 2019:

Edward G. Phillips
Brandon L. Morrow
Kramer Rayson LLP
P.O. Box 629
Knoxville, TN 37901-0629

                                              /s/ Howard B. Jackson
                                              Howard B. Jackson

5

Case 3:18-cv-00097-DCLC-HBG   Document 44   Filed 07/22/19   Page 5 of 5   PageID #: 366