UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| LAUREN BLAZER, ERICA SPIRES, and,<br>DAVID SANZ | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 3:18-CV-00097 |
| v. | ) | |
| | ) | JUDGE:        Greer |
| BUDDY GREGG MOTOR HOMES, LLC, | ) | MAGISTRATE:     Guyton |
| | ) | |
| Defendant. | ) | |

<u>REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT WITH
RESPECT TO PLAINTIFF DAVID SANZ' CLAIM FOR INTENTIONAL INTERFERENCE
WITH BUSINESS RELATIONS</u>

Buddy Gregg Motors Homes, LLC ("Buddy Gregg"), by undersigned counsel, submits its

reply to Plaintiff's response to Buddy Gregg's motion for summary judgment with respect to

Plaintiff Sanz' claim for intentional interference with business relations, as follows.

Plaintiff Sanz acknowledges in the reply that Sales Manager Jason Rees made the discharge

decision and affirmatively verified that he received no input from anyone associated with Buddy

Gregg in connection with the decision. Plaintiff Sanz contends that the finder of fact should be

able to imply that a Service Manager identified only as "James" may have influenced Mr. Rees'

decision.

This contention does not assist Plaintiff Sanz. There is no evidence that "James" spoke

with Mr. Rees or otherwise had any impact on the decision. Rather, Mr. Rees' statement

affirmatively provides that no one associated with Buddy Gregg had any input into the decision.

In essence, Plaintiff Sanz speculates that "James" may have had input. A plaintiff may not survive

a properly supported summary judgment motion by asking the Court to permit reliance on

1

speculation and conjecture.  See Grizzell v. City of Columbus Div. of Police, 461 F.3d 711, 724 (6th Cir. 2006).

There is no admissible evidence in the record that any person from Buddy Gregg played any role in making or influencing the decision made by Jason Rees.  Therefore, the claim for intentional interference with business relations fails.

In addition, Buddy Gregg apologizes to the Court and opposing counsel for not submitting a statement of undisputed material facts with its initial filing but respectfully submits such has been cured by its recent submission.

For the reasons above and as set out in its initial memorandum Buddy Gregg submits that the motion should be granted.

Respectfully submitted this 24th day of July, 2019.

/s/ Howard B. Jackson

Howard B. Jackson, BPR #021316
Ann E. Sartwell, BPR #021258
Wimberly Lawson Wright Daves & Jones, PLLC
P.O. Box 2231
Knoxville, TN 37901-2231
(865) 546-1000
(865) 546-1001 (fax)

Attorneys for Buddy Gregg Motor Homes, LLC

## CERTIFICATE OF SERVICE

I certify that the foregoing Reply Memorandum in Support of Buddy Gregg Motor Homes, LLC's Motion for Summary Judgment with Respect to Plaintiff David Sanz' Claim of Intentional Interference with Business Relations was served on the following persons, via the Court's electronic filing system, this 24th day of July, 2019:

Edward G. Phillips
Brandon L. Morrow
Kramer Rayson LLP
P.O. Box 629
Knoxville, TN 37901-0629

/s/ Howard B. Jackson
Howard B. Jackson