UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| LAUREN BLAZER, ERICA SPIRES, and, DAVID SANZ | )<br>)<br>) |
| Plaintiffs, | )<br>) No. 3:18-CV-00097 |
| v. | )<br>) JUDGE: Greer |
| BUDDY GREGG MOTOR HOMES, LLC, | ) MAGISTRATE: Guyton<br>) |
| Defendant. | ) |

<u>BUDDY GREGG MOTOR HOMES, LLC's MOTION FOR SEPARATE TRIALS</u>

By undersigned counsel and pursuant to Federal Rule of Civil Procedure 42(b), Buddy Gregg Motor Homes, LLC ("Buddy Gregg") moves the Court for a separate trial of the claims of David Sanz from those of Lauren Blazer and Erica Spires. In support of its motion Buddy Gregg submits its memorandum of law in support and shows the Court as follows:

1. Rule 42(b) allows the Court to order separate trials, among other reasons, to avoid undue prejudice.

2. The Sanz claims will be heard by a jury. The Blazer and Spires claims will be heard by the Court, as they signed jury waivers.

3. Sanz alleges that Buddy Gregg retaliated against him because he complained of conduct toward female employees and racial comments directed toward African-American customers.

4. Blazer and Spires allege that certain managers and coworkers made inappropriate comments about females and in some cases made such comments to and about Blazer and Spires. They allege that they were separated from employment in retaliation for complaining.

1

5. If the claims of all three plaintiffs are tried together before the jury that would create a substantial risk of undue prejudice and jury confusion that could not be adequately mitigated by limiting instructions. If the Blazer and Spires claims are presented before the jury the jury could easily gain the impression that the entire matter is a harassment case. Or the jury could be impacted by testimony that is of no relevance to Sanz' retaliation claim and then rule against Buddy Gregg on the basis of irrelevant evidence. This is precisely the sort of confusion and unfair prejudice that Rule 42(b) exists to avoid.

6. Buddy Gregg respectfully submits that separating the trials would be efficient with respect to use of the jury's time and would not cause an undue additional use of the Court's resources. The jury could hear the Sanz claim and be dismissed to deliberate. At that point the parties could continue and present the remaining evidence relevant to the claims of Blazer and Spires to the Court. In that way, the jury would not be forced to sit through presentation of claims which they will not adjudicate. And the Court could hear the evidence in all cases in continuity with each other.

WHEREFORE, having stated its grounds, and having more fully set out and supported the same in its memorandum of law in support, Buddy Gregg moves the Court for entry of an Order providing that the claims of David Sanz will be tried separately from those of Lauren Blazer and Erica Spires.

Respectfully submitted this 4th day of November, 2019.

/s/ Howard B. Jackson

Howard B. Jackson, BPR #021316
Wimberly Lawson Wright Daves & Jones, PLLC
P.O. Box 2231
Knoxville, TN 37901-2231
(865) 546-1000
(865) 546-1001 (fax)

                Mary C. Moffatt, BPR #012729
                Wimberly Lawson Wright Daves & Jones, PLLC
                929 West First North Street
                Morristown, TN 37814
                (423) 587-6870
                (423) 587-1479 (fax)

                Attorneys for Buddy Gregg Motor Homes, LLC

## CERTIFICATE OF SERVICE

I certify that the foregoing Motion for Separate Trials was served on the following persons, via the Court's electronic filing system, this 4th day of November, 2019:

Edward G. Phillips
Brandon L. Morrow
Kramer Rayson LLP
P.O. Box 629
Knoxville, TN 37901-0629

                /s/ Howard B. Jackson
                Howard B. Jackson